UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ABE LINDSEY | CIVIL ACTION |
| VERSUS | NO. 24-0087 |
| TRAVIS DAY, WARDEN, ET AL. | SECTION "H"(4) |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.   **Background**

   A.   **Complaint (ECF No. 8)**

Plaintiff Abe Lindsey ("Lindsey"), is a convicted inmate housed in the B.B. "Sixty" Rayburn Correctional Center ("RCC"). ECF No. 8, ¶II, at 2. Lindsey filed this *pro se* and *in forma pauperis* suit pursuant to 42 U.S.C. § 1983 against defendants Warden Travis Day, Major Andrea Johnson, and the RCC Classification Department. *Id*., ¶III(B)-(C), at 3. Lindsey alleges that, on August 2, 2023, the classification staff issued a letter to have him moved to Wind 1 dormitory. *Id*., ¶IV, at 3. He was placed in a bed next to inmate Justin Fontenette, with whom he had a prior, violent altercation on January 7, 2022, during which Fontenette stabbed plaintiff while plaintiff slept. On the day he was moved to the cell, he and Fontenette got into a fight during which Fontenette armed himself with a "shank" or homemade knife. Plaintiff claims he was stabbed once in his left side, once in his left back, and once in his left arm. Lindsey alleges that Fontenette

continued efforts to stab him in his upper body and face until plaintiff was able to knock the knife away. When Fontenette went to retrieve the knife, Lindsey grabbed a broom stick to protect himself. At this point, someone identified as "Cdt. Murphy" told Lindsey "that's a lot of blood Abe." *Id*. at 4. When Fontenette saw that Lindsey had the broom, he walked away.

On August 10, 2023, Major Andrea Johnson reviewed the video of the fight and had both inmates locked up for aggravated fighting in violation of Disciplinary Rule 11. He claims that Major Johnson falsified the report by leaving out the fact that Fontenette stabbed him. She also wrote that both inmates were seen by a nurse, which was not true.

Lindsey further claims that, on August 11, 2023, he was taken before the disciplinary committee and given the opportunity to explained that he was stabbed and was not seen by medical. He was taken to be seen that same day only after he filed a self-declared emergency. The nurse looked at his wounds and gave him antibiotic ointment packs. On the sick call form, the nurse simply wrote "fight."

He alleges that the RCC staff erred by failing to acknowledge that he filed a protective custody complaint twice, in March and April, out of fear for his life. The first request was denied and the second request resulted in his transfer to another facility.

Lindsey attached to his complaint copies of two administrative grievance complaints he filed addressing his placement in the cell with Fontenette and the alleged errors in the disciplinary report. ECF No. 8-1, at 1-3; *id*. at 5-6. Lindsey voluntarily withdrew the first grievance before filing the second, *id*. at 4, and the second was rejected by prison officials as repetitive of the first grievance that had been withdrawn, *id*. at 7. He also provided copies of the disciplinary reports issued after the January 7, 2022, and August 3, 2023, altercations with Fontenette. *Id*. at 12-16.

2

As relief, Lindsey seeks $4.7 million and to be transferred to Elayn Hunt Correctional Center, Dixon Correctional Institute, or Louisiana State Penitentiary. *Id.*, ¶V, at 5. He also seeks an order directing the defendants not to retaliate against him.

### B.      Motion for Temporary Restraining Order (ECF No. 4)

With his original complaint, Lindsey filed a motion requesting issuance of a temporary restraining claiming that he would suffer immediate and irreparable injury, loss, or damage, because he was facing imprisonment "for not honoring a signal contract of 'conditions of parole'" which he claims is "a legal nullity, and unconstitutional action(s) by defendant(s)." ECF No. 4, at 1. He claims that he is housed in a facility where he is "subject to unwanton [sic] fear of retaliation for the filing of his USC 1983 Complaint," and seek a temporary restraining order and transfer to another facility pending the outcome of this case.

## II.     Standards of Review

### A.      Statutory Review for Frivolousness

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal

3

theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Thus, the Court must determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### B. Temporary Restraining Order

An injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). An injunction is to be the exception, not the rule. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). Furthermore, in the prison setting, requests for an injunctive relief are "viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). "Except in extreme circumstances," the "federal courts are reluctant to interfere" with matters of prison administration and management, including prison discipline and classification of inmates. *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunction to obtain release from administrative segregation).

In addition, injunctive relief is to prevent future violations, not to punish a defendant for alleged past behavior. *SEC v. Blatt*, 583 F.2d 1325, 1334 (5th Cir. 1978); *see also Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563 (5th Cir. 1998) ("[t]o pursue an injunction . . . the [plaintiff]

4

must allege a likelihood of future violations of their rights by [the defendants] not simply future effects from past violations."). For these reasons, "[s]peculative injury is not sufficient." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."); *Janvey v. Alguire*, 647 F.3d 585, 601 (5th Cir. 2011).

The Supreme Court has explained that a plaintiff seeking an injunction must show that (1) he has suffered an irreparable injury, (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury, (3) a remedy at equity is warranted when considering the balance of hardships between the plaintiff and defendant, and (4) the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *United Motorcoach Association, Inc. v. City of Austin*, 851 F.3d 489, 492-93 (5th Cir. 2017). These standards are essentially the same for both preliminary and permanent injunctions, except to obtain a permanent injunction, the plaintiff must normally show actual success on the merits rather than a mere likelihood of success. *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987); *VRC LLC v. City of Dallas*, 460 F.3d 607, 611 (5th Cir. 2006) (listing "success on the merits" as a prerequisite for obtaining a permanent injunction).

In keeping with this, Fed. R. Civ. P. 65 sets forth the basic framework for the issuance of a preliminary injunction or temporary restraining order. Under this rule, a preliminary injunction may issue *inter alia* "only on notice to the adverse party." For a temporary restraining order to be issued under Rule 65 without notice to all parties, a plaintiff is required to present "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to [plaintiff] before the adverse party can be heard in opposition." The

plaintiff also must certify "in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65 (b)(1).

## III. <u>Analysis</u>

### A. <u>Motion for TRO Should Be Denied</u>

Lindsey's motion for a TRO bears no indication that he served defendants or made any effort to notify defendants before filing his motion for TRO.  Despite this lack of notice, Lindsey's motion is absolutely devoid of any argument or reasons why a TRO or injunctive relief should be issued in this case.

First, Lindsey claims that he is being held pursuant to an unconstitutional parole contract.  Even if this is true, that conclusory statement bears no connection to the issues asserted in his complaint before this court.  Such claims, challenging the fact or length of his detention, also would be barred from review under § 1983 pursuant to the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).[1]

Second, considering the factors listed above, Lindsey has not demonstrated that he is in danger of future injury or harm at the hands of the RCC prison officials.  His claims that he fears retaliation for having filed this § 1983 complaint are conclusory.  He has provided absolutely no

---

[1] In *Heck*, the United States Supreme Court stated:
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.*, 512 U.S. at 486-87.

facts or allegations which remotely suggest that he has been or will be retaliated against. He has not alleged to have suffered an irreparable injury or one not subject to remedial compensation. A party's injury, whether emotional or physical, and other harm are not irreparable for purposes of Rule 65 if an adequate alternate remedy in the form of monetary damages is available. *Brennan's, Inc. v. Brennan*, 289 F. App'x 706, 707 (5th Cir. 2008). Lindsey asserts no hardship nor has he alleged any inequity in the disciplinary action taken against him after the August 3, 2023. As discussed below, Lindsey has not presented a non-frivolous claim in his complaint to support any suggestion that the named defendants have cause him irreparable harm or are likely to cause future home to entitle him to injunctive relief.

Lindsey's conclusory motion is insufficient to state a basis for this court to consider or issue a TRO or other injunctive relief at this time. The motion should be denied.

### B.     No Claims Asserted Against Warden Day

A state actor, like Warden Day, may be liable under § 1983 only if he was personally involved in the acts causing the deprivation of a plaintiff's constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation. *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980). As a supervisory official, Warden Day cannot be held liable under to § 1983 pursuant to a theory of *respondeat superior* or vicarious liability simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A & M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). In this case, Lindsey simply alleges no facts or claims against the Warden. Without some alleged causal link between an act by the Warden and his claims, Lindsey has failed to allege a non-frivolous claim against Warden Day.

7

Accordingly, Lindsey's claims against Warden Day should be dismissed pursuant to § 1915 and § 1915A as frivolous and for failure to state a claim for which relief can be granted.

### C.  False Disciplinary Report Claim Against Major Johnson

Lindsey claims that Major Johnson's August 10, 2023, disciplinary report contained false information when she failed to mention that he was stabbed by Fontenette and when she asserted that he and Fontenette were seen by the nurse after the fight.  His claims against Major Johnson are frivolous.

An inmate's allegation that a prison official asserted false disciplinary charges against him fails to state a claim under § 1983 when the prisoner is afforded due process protection through a subsequent hearing.  *Harris v. Smith*, 482 F. App'x 929, 930 (5th Cir. 2012) (quoting *Collins v. King*, 743 F.2d 248, 253–54 (5th Cir. 1984)); *accord Doolittle v. Holmes*, 306 F. App'x 133, 134 (5th Cir. 2009); *Moore v. Butler*, 211 F.3d 593, 2000 WL 329165, at *1 (5th Cir. Mar. 17, 2000). Lindsey asserts that he appeared before the disciplinary committee on August 11, 2023, at which time he was able to "argue [his] defense."  ECF No. 8, ¶III, at 4.  The due process clause does not require more than this unless the inmate faces "freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citations omitted).  Here, Lindsey has not allege that he faced any atypical discipline or punishment, and instead presents no allegation about or challenge to the disciplinary proceedings, the results, or any punishment he may have received.  For these reasons, he has not stated a non-frivolous due process claim in his complaint.

Therefore, Lindsey's § 1983 claims against Major Johnson for falsifying the disciplinary report must be dismissed pursuant to 28 U.S.C. § 1915 and § 1915A as frivolous and otherwise for failure to state a claim for which relief can be granted.

### D. Classification by RCC Classification Department

Under a broad reading of his complaint, Lindsey claims that the Classification Department at RCC should be "held accountable" for placing him in a cell with Fontenelle in spite of their prior altercation and his requests for protective custody. He has not identified any person in that department who may have been responsible for writing the transfer letter or for allegedly ignoring his protective custody requests.

Unfortunately for Lindsey, "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term." *Douglas v. Gusman*, 567 F. Supp. 2d 877, 892 (E.D. La. 2008) (citations omitted).[2] Instead, a § 1983 action must be filed against an actual identified person, not a department or general staff group at the jail. *See Carter v. Strain*, No. 09-3401, 2009 WL 2390808, at *3 (E.D. La. July 31, 2009) (citing *August v. Gusman*, No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); *Staritz v. Valdez*, No. 06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); *Banks v. United States*, No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007)); *Allen v. Gusman*, No. 05-1633, 2006 WL 286007, at *3 n.8 (E.D. La. Feb. 2, 2006) ("Medical Staff" is not a juridical entity capable of being sued; the specific medical

---

[2] *See*, *Smith v. Lafourche Parish*, No. 21-1714, 2021 WL 4975698, at *2 (E.D. La. Sep. 30, 2021) ("discrete departments of prison facilities are simply not considered to be 'persons' under § 1983."), *report and recommendation adopted by* 2021 WL 4972374, at *1 (E.D. La. Oct. 26, 2021); *Brewin v. St. Tammany Par. Corr. Ctr.*, No. 08-0639 2009 WL 1491179, at *2 (W.D. La. May 26, 2009) (§ 1983 action against the prison medical department dismissed because the department is not an independent entity capable of being a party to a lawsuit); *Jiles v. Orleans Par. Prison Med. Clinic*, No. 09-8426, 2010 WL 3584059, at *2 (E.D. La. 2010) ("[a] jail's medical department simply is not a juridical entity capable of being sued"); *see also*, *Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998) ("A parish jail is not [a suable] entity, but a building").

personnel must be named). Lindsey has not identified a responsible classification officer in his federal complaint nor did he do so in his prison grievances.

In addition, as discussed above, Warden Day cannot be held responsible for any failure to protect violation committed by a subordinate officer. Furthermore, to the extent Lindsey claims that a prison official in the Classification Department was negligent in placing him in the cell with Fontenelle, negligence is not sufficient to support a claim of a due process violation or a claim for failure to protect[3] under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss or injury to life, liberty or property."); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986).

Accordingly, Lindsey's claims against the RCC Classification Department should be dismissed pursuant to 28 U.S.C. § 1915 and § 1915A as frivolous and for failure to state a claim for which relief can be granted.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff Abe Lindsey's Motion for Temporary Restraining Order (ECF No. 4) be **DENIED**.

It is further **RECOMMENDED** that Lindsey's 42 U.S.C. § 1983 complaint against defendants Warden Travis Day, Major Andrea Johnson, and the RCC Classification Department

---

[3] Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from threats of harm or violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825 (1994). However, in order for there to be liability in connection with this cause of action, there must have existed an *intent* on the part of security officers to cause the plaintiff harm or at least a conscious or callous indifference to the plaintiff's right to be protected from such harm. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986). "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. *Farmer*, 511 U.S. at 839-40. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

10

be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A, as frivolous and otherwise for failure to state a claim for which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 27th day of March, 2024.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.